UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAHLIN, et al., | No. 2:17-cv-02585-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| ROSEMARY FRIEBORN, et al. | |
| Defendant. | |

On April 29, 2020, this Court entered a judgment in favor of Defendants. Presently before the Court is Defendants' request for costs of $2,446.85 pursuant to 28 U.S.C. § 1920.  Def. Mem. Supp., ECF No. 125. Plaintiffs filed a Motion for Disallowance of Costs, which this court construes as objections to Defendants' request.  Pls. Mot. Opp'n., ECF No. 126.[1]  For the following reasons, the Court GRANTS Defendants' request in part.

///

///

///

---

[1] The Court is aware that Plaintiffs' objections are untimely by two days.  See E.D. Cal. Local R. 292(c).  It nonetheless considered Plaintiffs' arguments in reaching its decision here.

1

Local Rule 292(a) provides that costs shall be taxed to the prevailing party in conformity with 28 U.S.C. § 1920, and "such other provisions of law as may be applicable." Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." The language of 54(d) "creates a presumption in favor of awarding costs to the prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n Of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000) (internal citations omitted). If the court exercises its discretion in declining an award, it must specify the "specific reasons" for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). Conversely, the court need only find that the reasons, put forth by the losing party, for denying costs "are not sufficiently persuasive to overcome the presumption" in favor of an award. Id. at 946.

The Defendants costs can be characterized in two categories: copying costs in the amount of $1,723.85, and $723.00 for the cost of private process servers. Def. Mem., ECF No. 125. Copy charges are properly taxable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, the burden is on the prevailing party to demonstrate the amount of taxable costs. Cal. Sportfishing Alliance v. Matheson Tri-Gas, Inc., No. 2:11-cv-01456, 2014 U.S. Dist. LEXIS 92655 at *2–3 (E.D. Cal. July 1, 2014).

Upon reviewing the Defendant's Bill of Costs and supporting memorandum and declarations, the Court overrules all but one of the Plaintiff's objections. Regarding the copying costs, the Defendant's invoices and supporting filings do not adequately describe the $870.00 itemized as "advanced fees." "Plaintiffs do not know what the advanced fees were," Pls. Mot., ECF No. 126, 3, and neither does the Court.

Regarding the subpoena costs, the Court overrules the Plaintiffs' objections and concludes that private process server's fees are properly taxable as costs.  28 U.S.C. § 1920(1); Alflex Corp. v. Underwriters Labs, Inc., 941 F.2d 175, 178 (9th Cir. 1990).

Consistent with the foregoing, then, the Court orders that the Clerk of the Court: (1) tax costs against Plaintiffs in the amount of $1576; and (2) terminate the Motion at ECF No. 126.

IT IS SO ORDERED.

Dated:  January 19, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

3