1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES DAHLIN and KIMBERLY            No.  2:17-cv-02585-MCE-AC
     DAHLIN,
12
                      Plaintiffs,
13
              v.                          **ORDER**
14
     ROSEMARY FRIEBORN, CURT
15   RANSOM, DEBBIE NELSON, PHILLIP
     ISETTA, ANGELA MCCULLOUGH,
16   TUCKER HUEY, and THOMAS
     SHERIFF,
17
                      Defendants.
18

19

20          Plaintiffs James and Kimberly Dahlin (collectively, "Plaintiffs") initiated this action

21   setting forth claims arising out of the search of their property and seizure of, among other

22   things, 57 dogs they maintained for their breeding business.[1]  After much motion practice

23   and an appeal, claims remain against Defendants Rosemary Frieborn, Curt Ransom,

24   Debbie Nelson, Phillip Isetta, Thomas Sheriff, Angela McCollough, and Tucker Huey

25   (collectively, "Defendants").

26   ///

27   _____

28          [1] Given Plaintiffs' common sur-name, should the Court refer to them individually, it will do so by
     their first names.

                                          1

A number of discovery issues and disputes as to Plaintiffs' own neglect in moving this case along are presently before the Court.  The Court elaborates further below.

**BACKGROUND**

This matter was remanded from the Ninth Circuit Court of Appeals in approximately June 2021.  Plaintiffs thereafter filed a Third Amended Complaint, which Sheriff answered.  ECF Nos. 149-50.  The remaining Defendants filed Motions to Dismiss, ECF No. 151-52, which were granted in part and denied in part, ECF No. 161.

Plaintiffs subsequently filed two separate Motions for Summary Judgment, one directed at their claims against Frieborn and the other at Sheriff.  ECF Nos. 173, 176.  The parties then filed two stipulations to extend the briefing schedule indefinitely as to those motions because Kimberly had yet to be deposed and because Defendants took position that Plaintiffs had not produced documents responsive to their requests for production.  ECF Nos. 178-79.  The stipulations for time to file Defendants' oppositions were open-ended, it being unclear when discovery would be finalized so that Defendants could properly respond.  There were other problems with the Motions as well, including the fact that Plaintiffs did not file separate statements of undisputed fact or any authenticated evidence for consideration, other than one declaration signed by Kimberly.  The Court concluded that "[t]he need to resort to this open-ended stipulation supports the conclusion that the substantive motions are not ready to be adjudicated."  ECF No. 180 at 1.  Accordingly, the Court denied the Motions for Summary Judgment without prejudice, denied the stipulations as moot, and advised the parties that all issues to be revised on summary judgment shall be raised together in one consolidated motion or cross-motion.  Id. at 2.

///

///

///

2

Defendants Frieborn and Ransom then filed a Motion to Compel Plaintiffs' Further Responses to Frieborn's First Set of Requests for Production of Documents before the assigned magistrate judge.  ECF No. 181.  They later filed a Joint Statement re: Discovery Disagreement, in which Plaintiffs did not participate.  ECF No. 182.  Approximately a week later, however, Plaintiffs filed what appear to be supplemental responses to Frieborn's document requests.  ECF No. 184.

In the Motion to Compel and Defendants' statement, they proffer evidence that Plaintiffs provided insufficient boilerplate objections to Frieborn's requests, promised multiple times to provide responses, but never followed through, and evaded for months defense counsel's attempts to meet and confer regarding Plaintiffs' deficient responses, ignoring letters, emails, and voicemails.  When Plaintiffs' counsel finally made himself available for a meet-and-confer call, he was driving, had no materials with him, and asked to reschedule the following day.  These delays continued until Plaintiffs counsel finally provided some additional, but still inadequate, responses.  Finally, as pointed out in this motion to compel and Defendants' statement, James made clear at his deposition that he had never even been asked by his counsel to search for a variety of responsive documents.

In any event, not long after the Motion to Compel was filed, this Court filed a Supplemental Pretrial Scheduling Order, setting sixty (60) dates for fact discovery and additional related dates leading up to the filing of dispositive motions.  All Defendants filed objections, ECF Nos. 187-89, the gist of which was that "the lack of cooperation from Plaintiff's [*sic*] counsel, the difficulties getting ahold of counsel, and repeated discovery abuses will make it unlikely to be able to fully complete non-expert discovery within 60 days as stated in the scheduling order."  ECF No. 188 at 1.

///

///

///

///

1   They also indicated that the need for an extension was described in more detail in the

2   above Motion to Compel and Joint Statement, which together "establish that Plaintiffs

3   (and their counsel) have consistently failed to respond to correspondence and discovery

4   requests, and demonstrate the likelihood of future delays and discovery disputes,

5   thereby rendering untenable a sixty-day period to complete the remaining non-expert

6   discovery."  ECF No. 189 at 2.

7        On April 17, 2024, Frieborn and Ransom filed a Supplemental Statement

8   regarding the pending Motion to Compel before the magistrate judge.  ECF No. 190.

9   Included was a belated statement regarding Plaintiffs' discovery position provided to

10  Defendants on March 28, 2024.  In that statement, Plaintiffs' counsel argued in part:

11              [T]he defense states that plaintiffs have been in possession of
                Friebom's initial disclosures since May, 2019.  This may not be
12              a sincere statement on the part of the defense.  Plaintiffs'
                current counsel was electronically served with Friebom's initial
13              disclosures on March 17, 2023.  Plaintiffs believe that defense
                counsel is aware of this. The defense may have served
14              plaintiffs' former counsel with initial disclosures at some earlier
                point. Plaintiffs understand that they are credited with
15              possession of those items provided to their counsel, including
                former counsel.  However, plaintiffs' counsel has made
16              numerous efforts to contact former counsel Dennise
                Henderson, to no avail.  The defense must have understood
17              this, which is why they sent plaintiffs Frieborn's initial
                disclosures on March 17, 2023.  It should also be mentioned
18              that the defense apparently made attempts to send the initial
                disclosures prior to March 17, 2023.  However, plaintiffs'
19              counsel was never able to open the initial disclosures until
                defense attorney Peter Dye sent the disclosures on March 17,
20              2023, in a format plaintiffs' counsel could open."

21  Id. at 11.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

1      Two days later, the magistrate judge issued the following order to show cause

2   with regard to the Motion to Compel:

3              This matter is before the court on defendant Rosemary
               Frieborn's motion to compel plaintiffs James Dahlin and
4              Kimberly Dahlin's further responses to her first set of requests
               for production of documents.  ECF No. 181.  The discovery
5              motion was referred to the magistrate judge pursuant to E.D.
               Cal. R. 302(c)(1).  Co-defendant Thomas Sheriff filed a
6              statement of nonopposition.  ECF No. 185.  Defendant filed a
               "joint statement" but no argument from plaintiffs was included
7              because, per defense counsel, despite multiple attempts to
               meet and confer and obtain plaintiffs' portion of the statement,
8              plaintiffs' counsel was unresponsive.  ECF No. 182 at 5.
               Plaintiffs filed a "Supplemental Response to Fourth Amended
9              Responses" on March 27, 2024; this document was not only
               belatedly filed but is also not responsive to the motion.  ECF
10             No. 184.  Based on the information available to the court, it
               appears plaintiffs are not meeting their obligation to
11             meaningfully participate in discovery.

12             Good cause appearing, IT IS HEREBY ORDERED that
               plaintiffs shall show cause, in writing, no later than May 2,
13             2024, why they failed to participate in the joint statement.  If
               plaintiffs fail to respond or otherwise fail to show good cause
14             by May 2, 2024, the court will grant the motion to compel and
               may order further sanctions as necessary and appropriate.
15
   ECF No. 191.
16
          Shortly thereafter, Sheriff filed his own Motion to Compel Plaintiff to Provide
17
   Further Deposition Testimony, Motion for a Protective Order, and Motion for Sanctions.
18
   ECF No. 192.  According to Sheriff, and corroborated by both the transcript of the
19
   deposition of James Dahlin and sworn statements of his co-Defendants' counsels:
20
               The Dahlins are represented by Stratton Barbee, Esq. He
21             attended Mr. Dahlin's deposition.  Prior to and during both days
               of the deposition, Mr. Barbee made inappropriate objections,
22             coached his client, threatened defense counsel, and otherwise
               completely frustrated the ability of the parties to conduct a civil
23             and productive deposition.  Even before the deposition began,
               Mr. Barbee objected to the use of microphones by the court
24             reporter.  In arguing his point, Mr. Barbee became so irate that
               he began leaning over the table at defense counsel, yelling
25             and banging on the table with his hands while doing so.  This
               caused several defense counsel and defendant Rosemary
26             Frieborn, to feel threatened and afraid.

27   ///

28   ///

5

1

2

> Similar behavior occurred during the deposition, which took the full two days the parties had allotted for the deposition due to the constant interruptions and the late start caused by Mr. Barbee's outburst the first day.

3

4

5

6

7

> As a result of this behavior, defense counsel was unable to finish their line of questioning of Mr. Dahlin.  Additionally, the parties have already set a date for the deposition of Mr. Barbee's other client, Kimberly Dahlin.  However, the parties are confident that a discovery referee is necessary and is the only way to avoid a rehashing of these same events again at the next deposition.

8

9    ECF No. 192 at 5-6.

10        A few days later, Plaintiffs filed a response to the magistrate judge's Order to

11   Show Cause.  ECF No. 193.  According to Plaintiffs, their counsel prepared their portion

12   of the joint discovery statement on March 27 and counsel submitted it to his assistant

13   (and wife) Jean Barbee, for finalizing and filing.  Mr. Barbee indicates that "[t]here is a

14   slight possibility [he] instructed Mrs. Barbee to send the Joint Statement to the defense,

15   which is more in accordance with Local Rule 251, and because the document we

16   received did not contain defense counsel's signature."  Stratton Decl., ECF No. 193 at 3.

17   Regardless, instead of filing or sharing their portion of the Joint Statement, Plaintiffs'

18   counsel filed the aforementioned Supplemental Response to the Request for

19   Documents.  ECF No. 184.  Plaintiffs' counsel has not provided any legal justification for

20   waiting so long to even attempt to prepare a position statement to include in the joint

21   discovery statement itself.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

6

Shortly thereafter, this Court issued its own Order to Show Cause based on the objections it received to its scheduling order:

> The Court has considered the three separate sets of objections (ECF Nos. 187-89) that Defendants filed to its Supplemental Pretrial Scheduling Order (ECF No. 186). Each objection contends that the discovery deadline is insufficient to allow for proper fact discovery due to repeated lengthy delays caused by the egregious neglect of this case and highly inappropriate conduct during deposition proceedings by one of Plaintiffs' counsels, Mr. Stratton Barbee, the latter of which the Court is aware is the subject of a Motion to Compel, Motion for Protective Order, and Motion for Sanctions noticed before Magistrate Judge Allison Claire (ECF No. 192).
>
> Independently, the Court has reviewed filings in which Mr. Barbee indicates he is missing discovery and had tried at times to obtain information from Plaintiffs' "former counsel Dennise Henderson, to no avail." ECF No. 193-1, at 11. Not only did Mr. Barbee never raise any issues regarding Ms. Henderson's purported failure to provide Plaintiffs' case files with the Court, but there is no record that Ms. Henderson ever withdrew as counsel for Plaintiffs.
>
> Given the Court's review of the record in its entirety and the fact that all remaining Defendants unanimously describe the same unprofessional conduct and dilatory tactics, not later than ten (10) days following the date that this Order is
>
> electronically filed, Plaintiffs are ordered to show cause ("OSC") in writing why this case should not be dismissed for failure to prosecute and/or to follow the applicable rules and orders of this Court. See Fed. R. Civ. Pro. 41(b). Plaintiffs shall include in their response to the OSC an explanation as to the status of counsel as well. If no response is timely filed, this action will be dismissed with terminating (and/or monetary sanctions) with prejudice upon no further notice to the parties.

ECF NO. 194.

///

///

///

///

///

///

1    Plaintiffs responded to this Court's Order to Show Cause, defending their

2 counsel's behavior, arguing, in direct contravention of the record at times, that:  (1) all

3 other counsel were the problem and no one was actually threatened by Plaintiffs'

4 counsel's behavior; (2) Plaintiffs' counsel's repeated reference to defense counsel

5 Steven Simas as Steven "Semen" was inadvertent; (3) Mr. Barbree was instead the one

6 attacked for his multiple mispronunciations of Mr. Simas' name; (4) all defense counsel

7 were the problem because they pushed Plaintiffs and their counsel to wear microphones

8 in a video-recorded deposition; (5) defense counsels' response to Plaintiffs' counsel

9 raising his voice and slamming his hands on the table during the deposition was racist

10 because Plaintiffs' counsel is African-American and defense counsel are Caucasian; and

11 (6) defense counsel's behavior was itself so abusive that Mr. Barbee's legal assistant

12 (again, his wife) felt the need to interject.  ECF No. 19 at 6-19.

13    Plaintiffs went on to again argue that Mr. Barbee was unable to obtain the case

14 file from "prior" counsel Dennise Henderson, who the Court notes has never withdrawn

15 from this action.[2]  Counsel then contends:

16
> The court has inquired why Mr. Barbee did not bring to the
> court's attention the fact that Ms. Henderson failed to provide
17
> Mr. Barbee with plaintiffs' case files.  Barbee considered
> doing just that.  However, it was his preference not to bring
18
> Ms. Henderson before the court unless it was absolutely
> necessary.  Providentially, the defense agreed to send
19
> Barbee their initial disclosures.

20 Id. at 20.  Counsel also advised the Court that his assistant/wife suffered some health

21 issues beginning in August 2023, which affected Counsel's ability to adequately meet

22 filing deadlines.  Finally, Counsel advised that his email was hacked at a time when he

23 was "overloaded" with criminal cases from the Nevada County Superior Court, so he

24 started using his wife's email account for communication, all of which affected his

25 responsiveness.

26 ///

27
---
[2] Counsel then filed a purported substitution of counsel to ensure that Ms. Henderson was
28 dropped as counsel in his favor, but that document was not signed by the parties or any attorney.  ECF No. 199-1.

1   A couple of weeks later, Frieborn filed a response to Plaintiffs' Response to the

2   Court's Order to Show Cause, outlining how despite all of the foregoing, at Kimberly's

3   deposition:  (1) Plaintiffs and Plaintiffs' counsel still refused to wear microphones;

4   (2) Plaintiffs' counsel repeatedly instructed Kimberly not to answer questions on

5   relevance grounds; and (3) Plaintiffs' counsel continued to coach Kimberly despite her

6   being under oath and the proceedings being on the record.  ECF No. 201.  Frieborn

7   further argued that Plaintiffs' counsels' ongoing unresponsiveness has made litigating

8   this case, the case brought by Plaintiffs, impossible.  Id. at 6-7.  Finally, Frieborn points

9   out that even now Plaintiffs' counsel is still failing to maintain a base level of

10  professionality, that the response to the Order to Show Cause contains numerous factual

11  inaccuracies, and that Plaintiffs still have not met their discovery obligations.  Id. at 7-9.

12   Just a few days later, again despite the fact that discovery was ongoing and

13  Kimberly had yet to be deposed, Plaintiffs filed another Motion for Summary Judgment.

14  ECF No. 202.  Given the multiple pending filing and the overlapping orders to show

15  cause, this Court issued the following minute order:

> On the Court's own motion, all motions currently referred to the magistrate judge pursuant to the local rules are hereby REFERRED back to the district judge for consideration (ECF Nos. 181 and 192 ).  All hearings are VACATED, and all motions, including Plaintiffs' Motion for Summary Judgment at ECF No. 202, are SUBMITTED without appearance and oral argument.  If the Court determines that oral argument is needed, it will be scheduled at a later date.  All deadlines, including deadlines to respond to pending motions, are hereby EXTENDED until further order of the Court, and, until such order issues, nothing further shall be filed on this docket.  If the Court needs additional information to address the current outstanding issues, it will order supplemental submissions.

23  ECF No. 203.

24  ///

25  ///

26  ///

27  ///

28  ///

1      Within just a few days of that minute order, Sheriff filed a motion for leave to file a

2   response to Plaintiff's response to the Court's Order to Show Cause, ECF No. 204,

3   which the Court granted, ECF No. 205.  In Sheriff's subsequent filing, he elaborated that

4   Mr. Barbee continued to act "unprofessionally at the May 15, 2024 deposition of Plaintiff

5   Kimberly Dahlin, in his use of inappropriate objections, mishandling of evidence, and

6   insistence on wasting time with unmeritorious arguments about procedure."  ECF No.

7   206 at 2.  Furthermore, Sheriff emphasizes that "Mr. Barbee continues to raise

8   arguments that only serve to excuse and minimize his actions, and does so with no

9   evidence or cites to the record to support them."  *Id.*

10      For their part, in direct contravention of the Court's last minute order and without

11   leave of the Court, Plaintiffs inexplicably filed a Joint Statement re Discovery Agreement,

12   ECF No. 207, that was not signed by any defense counsel, appeared to be in draft form,

13   and did not have a completed proof of service.

14      The Court has reviewed all of the aforementioned filings and the record in its

15   entirety and concludes that to avoid dismissal of this action for Plaintiffs' failure to follow

16   the applicable rules and orders of this Court, appointment of a discovery referee at

17   Plaintiffs' expense is appropriate.  Defendants have also shown they are entitled to

18   sanctions.

19                                   **ANALYSIS**

20

21      The record speaks for itself.  Plaintiffs and their counsel refuse to follow the most

22   basic of rules.  They refused to wear microphones at a video-recorded deposition,

23   causing extreme delay.  They continued to attempt to communicate off the record during

24   a sworn deposition.  Counsel repeatedly coached his client, offered speaking objections,

25   and impermissibly directed his client not to answer questions.

26   ///

27   ///

28   ///

Counsel behaved inappropriately both in referring to opposing counsel as "Mr. Semen" and then in aggressively defending himself and blaming counsel's objections to his behavior on their "racism," even though nothing in the record supports that race played any part in their disagreements.

With regard to documents, Plaintiffs failed to adequately respond to Frieborn's requests and then Plaintiffs' counsel basically ignored any attempt by defense counsel to meet and confer.  When counsel did make himself available to meet, he was totally unprepared to engage in any discussions, frustrating Defendants' attempts to move this case forward.  Perhaps most egregiously, though, James admitted on multiple occasions during his deposition that he had not looked for responsive documents or ever been asked to do so by his counsel.

There is also ample evidence in the record of Plaintiffs' counsel's complete unwillingness or inability to timely respond to emails or keep track of his own correspondence.  He apparently could not obtain the case file from the prior attorney, but declined to seek assistance from the Court and permitted those failures to further delay the action from proceeding.  That failure is on counsel.[3]  At one point, it appears Plaintiffs' counsel advised one counsel for Frieborn and Ransom that <u>defense counsel</u> should text Plaintiffs' counsel's legal assistant/wife to ask <u>her</u> to remind Plaintiff's counsel to send documents to opposing counsel so he did not forget.  Rassenfoss Decl., ECF No. 201-2, at 2.  It is entirely inappropriate to try put the onus on defense counsel to make sure Plaintiffs' counsel does his job.  Plaintiff's counsel then blames multiple instances of his admitted non-responsiveness on his wife's health, his email being hacked, etc., but it appears he has no real system in place to litigate actions in compliance with the federal rules.

---

[3] Counsel is obligated to take the case where he finds it.  It would have taken very little effort to seek an order from this Court compelling Ms. Henderson to turn over all files to which Plaintiffs are entitled.  This Court has little difficulty enforcing such orders, even if it must resort to jailing an attorney for civil contempt.  <u>See Seymour v. Nationstar</u>, Case No. 2:19-cv-00564 (issuing a bench warrant for the arrest of Dennise Henderson and holding her in contempt of court until she met her obligations to her client) (ECF Nos. 37, 45).

11

1    At base, Plaintiffs are responsible for trying this case, but they have turned this

2    matter on its head, so Defendants are the ones still trying to move it along after seven

3    years.  Defendants are asking for more time for discovery and seeking to compel

4    disclosures.  This is not how litigation works.

5    Given the egregious failures of Plaintiffs and their counsel in this case, the Court

6    did consider terminating sanctions under Federal Rule of Civil Procedure 41(b) for failure

7    to comply with the applicable rules and orders of this Court and for failure to prosecute.

8    However, it will afford Plaintiffs one more chance to prosecute their action.  The Court

9    finds that Defendants have made sufficient showings justify granting their Motions to

10   Compel (ECF Nos. 181 and 192) in their entirety.  Moreover, because the Court finds

11   that each of Defendants' allegations regarding Plaintiffs' counsel's unprofessional and/or

12   unethical conduct are substantiated and true, the Court will require the appointment of a

13   discovery referee at Plaintiffs' expense to oversee both James and Kimberly's

14   depositions.  Finally, given Plaintiffs' counsel's wholesale failure to comply with his

15   ethical and legal obligations as a member of this esteemed profession, the Court will

16   SANCTION him personally in the amount of $1500.  The specifics of the Court's orders

17   are addressed below.

18

19   **CONCLUSION**

20

21   Consistent with the foregoing, IT IS HEREBY ORDERED that:

22   1.    Defendants' objections (ECF Nos. 187-89) to this Court's Supplemental

23   Pretrial Scheduling Order (ECF No. 186) are SUSTAINED.  All fact discovery shall be

24   completed not later than sixty (60) days following the date this Order is electronically

25   filed.  The remaining dates in the Supplemental Pretrial Scheduling Order shall be

26   calculated based on that new deadline.

27   ///

28   ///

2.      The Motion to Compel filed by Rosemary Frieborn (ECF No. 181) is GRANTED.  Not later than ten (10) days following the date this Order is electronically filed, Plaintiffs are directed to serve revised responses to Frieborn's First Set of Requests for Production of Documents and produce all responsive documents in their possession, custody, or control.

3.      The Motion to Compel Plaintiff to Provide Further Deposition Testimony, Motion for a Protective Order, and Motion for Sanctions filed by Thomas Sheriff (ECF No. 192) is also GRANTED.  Not later than five (5) days following the date this Order is electronically filed, Plaintiffs' counsel is directed to provide defense counsel with all dates within thirty (30) days of the electronic filing of this Order, in which Plaintiffs' counsel and both James and Kimberly are available to conduct James and Kimberly's depositions. Plaintiffs are compelled to provide an additional 7 hours (with the possibility of further time) for each deposition.  Plaintiffs are directed to provide non-evasive, straightforward responses at both depositions.  Plaintiffs' counsel is barred from answering questions for Plaintiffs, asserting speaking or unfounded objections, coaching Plaintiffs, making ad hominem attacks, or creating a false record at either deposition.  Plaintiffs' counsel is precluded from questioning Plaintiffs until counsel for Defendants completes Defendants' phase of the deposition.

4.      Not later than five (5) days following the date this Order is electronically filed, the parties shall appoint a mutually agreed upon discovery referee to preside over the subsequent sessions of James and Kimberley Dahlin's depositions **at Plaintiffs' expense**.  If no referee can be agreed upon, an ex parte application must immediately be filed with this Court.  If the Court determines the failure to reach an agreement is due to continued dilatory and unreasonable behavior on Plaintiffs' or their counsels' behalf, terminating sanctions will be issued.  Otherwise, a referee will be appointed by the Court.

///

///

///

5.      Given Plaintiffs' counsel's blatant violations of the applicable rules during James Dahlin's deposition, Plaintiffs and their counsel are hereby sanctioned and shall pay Defendants' attorneys' fees and costs incurred in attempting to conduct that deposition and in bringing the instant Motion to Compel.  Not later than twenty (20) days following the date this Order is electronically filed, counsel for Defendants shall file motions setting forth the amount of those fees and costs.

6.      In addition, Plaintiff's counsel, Stratton Scott Barbee of the Law Office of Stratton S. Barbee, is hereby personally SANCTIONED in the amount of $1500.  Not later than five (5) days following the date this Order is electronically filed, Mr. Barbee shall pay those sanctions to the Clerk of the Court.  Within the same timeframe, Mr. Barbee is further directed to provide notice of this Order to the State Bar of California.  See Cal. Bus. & Prof. Code § 6068(o)(3).

7.      Given the foregoing, the Orders to Show Cause at ECF No. 191 and 194 are DISCHARGED.

8.      Plaintiffs' Supplemental Response to the Fourth Amended Responses (ECF No. 184) are STRICKEN as not properly filed with the Court.

9.      Plaintiffs' declarations (ECF No. 200) are STRICKEN as untimely.

10.     Plaintiffs' Motion for Summary Judgment (ECF No. 202) is DENIED without prejudice as premature since Defendants have not been able to depose Plaintiffs themselves.  No new dispositive motion shall be filed until discovery is complete.

11.     The "Joint Statement re: Discovery Disagreement" at ECF No. 207 is STRICKEN as not authorized by the Court, not signed by all counsel, and containing an incomplete proof of service.

IT IS SO ORDERED.

DATED:  September 30, 2024

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE