1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES DAHLIN, et al.,                      No.  2:17-cv-02585-DC-AC

12              Plaintiffs,

13         v.                                     ORDER DENYING PLAINTIFFS' MOTIONS
                                                  FOR RECONSIDERATION, GRANTING IN
14    ROSEMARY FRIEBORN, et al.,                  PART MOTIONS FOR ATTORNEYS' FEES
                                                  AND COSTS, AND DENYING MOTION
15              Defendants.                       FOR TERMINATING SANCTIONS

16                                                (Doc. Nos. 211, 212, 213, 214, 215, 217, 225)

17

18          This matter came before the court on December 20, 2024 for a hearing on several

19   motions: (i) Plaintiffs' motion for reconsideration of the court's October 1, 2024 order (Doc. No.

20   214); (ii) Plaintiffs' motion for a protective order (Doc. No. 215); (iii) the motions for attorneys'

21   fees and costs filed by Defendants Rosemary Frieborn, Curt Ransom, and Thomas Sheriff on

22   October 21, 2024 (Doc. Nos. 211, 212, 213, 217); and (iv) Defendants Frieborn's and Ransom's

23   unopposed motion for terminating sanctions, in which all other defendants have joined (Doc. Nos.

24   225, 230, 232). Attorney Stratton Scott Barbee appeared on behalf of Plaintiffs. Attorney Ryan

25   Keever appeared on behalf of Defendant Sheriff. Attorney Peter Dye appeared on behalf of

26   Defendant Frieborn. Attorney Rassenfoss also appeared on behalf of Defendant Frieborn, as well

27   as Defendant Ransom. Attorney Serena Warner appeared on behalf of Defendants Tucker Huey,

28   Angela McCollough, Phillip Isetta, and Debbie Nelson.

                                                  1

For the reasons explained below, the court will deny Plaintiffs' pending motions, grant in part the pending motions for attorneys' fees and costs, and deny the motion for terminating sanctions.

**BACKGROUND**

On October 1, 2024, the court issued an order resolving "a number of discovery issues and disputes as to Plaintiffs' own neglect in moving this case along." (Doc. No. 209.) That order accurately recounted in detail counsels' conduct in litigating this case since the matter was remanded from the Ninth Circuit in approximately June 2021, and in particular Plaintiffs' counsel's egregious and unprofessional behavior.[1] (*Id.* at 2–12.) Rather than repeat that background in this order, the court incorporates by reference the October 1, 2024 order in its entirety.

In the October 1, 2024 order, the court granted Defendant Sheriff's motion to compel Plaintiff to provide further deposition testimony, motion for a protective order, and motion for sanctions. (*Id.* at 13.) In addition, due to "Plaintiffs' counsel's blatant violations of the applicable rules during [Plaintiff] James Dahlin's deposition," the court sanctioned Plaintiffs and Plaintiffs' counsel, including by requiring them to pay Defendants Frieborn, Ransom, and Sheriff for the attorneys' fees and costs they "incurred in attempting to conduct that deposition and in bringing the instant Motion to Compel."[2] (*Id.* at 14.) To that end, the court ordered counsel for Defendants Frieborn, Ransom, and Sheriff to file motions setting forth the amount of those fees and costs. (*Id.*)

In compliance with the October 1, 2024 order, Defendants Frieborn and Ransom filed a motion for an award of $9,030.00 in attorneys' fees and $626.77 in costs incurred by their

---

[1] Shortly after the October 1, 2024 order was issued, on October 10, 2024, this case was reassigned from Senior District Judge Morrison C. England, Jr., to the undersigned. (Doc. No. 210.) Following the reassignment of this case, the undersigned thoroughly reviewed the procedural history of this case and the filings on the docket, which indeed reflect repeated instances of inappropriate and unprofessional behavior by Plaintiffs' counsel. (*See* Doc. No. 209.)

[2] The court also personally sanctioned Plaintiffs' counsel Attorney Barbee in the amount of $1,500 due to his "wholesale failure to comply with his ethical and legal obligations as a member of this esteemed profession." (Doc. No. 209 at 12.)

counsel, Attorneys Mary Rassenfoss and Alexander McDonald from the law firm O'Melveny & Myers LLP, for "time spent traveling to and from Mr. Dahlin's deposition, attending the deposition itself, and assisting Dr. Sheriff with bringing his motion." (Doc. No. 212.)[3] Defendant Frieborn also filed a separate motion for an award of $3,505.50 in attorneys' fees incurred by her other counsel, Attorney Sharee Hess from the law firm Koeller, Nebeker, Carlson & Haluck, LLP, for time spent "traveling to and conducting the deposition of James Dahlin." (Doc. No. 211 at 2.) Defendant Sheriff filed his own motion for an award of $9,179.09 in attorneys' fees incurred by his counsel Attorneys Steven L. Simas and Ryan M. Keever from the law firm Simas & Associates, Ltd., for time spent on the motion to compel, motion for a protective order, and motion for sanctions that the court granted in the October 1, 2024 order. (Doc. No. 213.) Defendant Sheriff also seeks an award of $596.51 in costs incurred by Attorney Simas for lodging, meals, and gas during the two-day deposition of James Dahlin. (Doc. No. 213-1 at 4–5.)

On November 22, 2024, Plaintiffs filed an opposition to the motions for attorneys' fees and costs filed by Defendants Frieborn and Ransom. (Doc. No. 223.) On November 23, 2024, Plaintiffs filed an opposition to the motion for attorneys' fees and costs filed by Defendant Sheriff. (Doc. No. 224.) On December 2, 2024, Defendants Frieborn, Ransom, and Sheriff filed replies in support of their respective motions. (Doc. Nos. 226–228.)

Shortly before Plaintiffs filed their opposition to the attorneys' fees motions, on November 2 and 5, 2024, Plaintiffs filed two related motions for reconsideration and relief from the October 1, 2024 order, specifically to avoid paying the attorneys' fees and costs incurred by Defendants Frieborn, Ransom, and Sheriff, and to avoid sitting for an additional seven hours of deposition each as ordered. (Doc. Nos. 214, 215.) On November 18, 2024, Defendant Sheriff filed an opposition to Plaintiffs' motions. (Doc. No. 220.) Defendants Frieborn and Ransom likewise filed oppositions to both of Plaintiffs' motions. (Doc. Nos. 221, 222.) Plaintiffs did not thereafter

---

[3] Counsel for Defendants Frieborn and Ransom filed an amended motion on November 13, 2024 for the sole purpose of including a notice of motion to set a hearing date. (Doc. No. 217.) Defendant Sheriff likewise filed a request for hearing on his motion for attorneys' fees and costs. (Doc. No. 218.) The court thereafter issued a minute order clarifying that the motions would all be heard on December 20, 2024. (Doc. No. 219.)

1    file a reply in support of their motions.

2        On November 25, 2024, Defendants Frieborn and Ransom filed a motion for terminating

3    sanctions due to Plaintiffs' noncompliance with the court's October 1, 2024 order; specifically,

4    Plaintiffs did not provide complete and adequate responses to Defendant Frieborn's requests for

5    production of documents as ordered by the court,[4] and Plaintiffs refused to attend their duly-

6    noticed depositions despite the court's order compelling them to do so. (Doc. Nos. 225, 225-1.)

7    Defendants Huey, Isetta, McCollough, and Nelson filed a joinder in the terminating sanctions

8    motion on December 3, 2024. (Doc. No. 229.) Defendant Sheriff likewise filed a joinder in the

9    motion for terminating sanctions on December 9, 2024. (Doc. No. 230.) Curiously, Plaintiffs did

10   not file a response to Defendants' motion for terminating sanctions, despite the requirement of

11   Local Rule 230(c) that the non-moving party must file either an opposition or a statement of non-

12   opposition to the motion within fourteen days after the motion was filed. Indeed, that Local Rule

13   provides that "a failure to file a timely opposition may also be construed by the Court as a non-

---

[4] In the motion for terminating sanctions, Defendant Frieborn details dozens of requests for production ("RFPs") to which Plaintiffs repeatedly failed to provide adequate responses, even after the court's October 1, 2024 order, which required Plaintiffs to serve revised responses within ten days of entry of that order, i.e., by October 11, 2024. (Doc. Nos. 209 at 13; 225-1 at 8–11.) For example, rather than produce documents responsive to RFP Nos. 19, 23, 32, 34, and 46 by the deadline, Plaintiffs unilaterally extended the deadline by stating in their revised responses that they are "not sure whether they have documents responsive to this request. However, if they do, [P]laintiffs intend to produce said documents no later than October 14, 2024." (*See* Doc. No. 225-1 at 8) (citing Doc. No. 221-3 at 3–4). As Defendant Frieborn emphasizes in the pending motion for terminating sanctions, "[t]he fact that Plaintiffs are still not sure if they have responsive documents nearly two years after [Defendant] Frieborn served the RFPs does not excuse them from at least looking for the documents." (Doc. No. 225-1 at 9.) Moreover, Plaintiffs did not produce any documents responsive to those requests by October 14, 2024, nor represent that they "searched for, but could not find, any responsive documents." (*Id.*) In another example, RFP No. 6 sought documents related to "any inspections conducted by . . . any law enforcement or government agency (federal, state, municipal) for a city code violation in [y]our property." (*Id.* at 9.) In their revised response to RFP No. 6, Plaintiffs asserted they had already produced responsive documents on November 2, 2023. (Doc. No. 221-3 at 4.) But as Defendant Frieborn emphasizes, Plaintiff James Dahlin testified at his deposition on November 6, 2023 that he had documents related to a municipal inspection by the City of Auburn for a city code violation in Plaintiffs' barn—i.e., documents responsive to RFP No. 6—but he testified that he did not produce those documents in this litigation and he was not asked to do so. (*See* Doc. No. 225-1 at 9–10.) Then in Plaintiffs' further responses served on October 15, 2024, Plaintiffs again asserted boilerplate objections to RFP No. 6 and did not produce the responsive documents that Plaintiff James Dahlin admitted were in his possession. (*Id.* at 10.)

4

opposition to the motion." L.R. 230(c). At the December 20, 2024 hearing, Plaintiffs' counsel did not even acknowledge that Plaintiffs had not filed an opposition to the motion for terminating sanctions, let alone offer any explanation for not having done so.

## ANALYSIS

### A.    Plaintiffs' Motions for Reconsideration and a Protective Order

Pursuant to the court's October 1, 2024 order:

> Not later than five (5) days following the date this Order is electronically filed, Plaintiffs' counsel is directed to provide defense counsel with all dates within thirty (30) days of the electronic filing of this Order, in which Plaintiffs' counsel and both James and Kimberly are available to conduct James and Kimberly's depositions. Plaintiffs are compelled to provide an additional 7 hours (with the possibility of further time) for each deposition. Plaintiffs are directed to provide non-evasive, straightforward responses at both depositions. Plaintiffs' counsel is barred from answering questions for Plaintiffs, asserting speaking or unfounded objections, coaching Plaintiffs, making ad hominem attacks, or creating a false record at either deposition. Plaintiffs' counsel is precluded from questioning Plaintiffs until counsel for Defendants completes Defendants' phase of the deposition.
>
> Not later than five (5) days following the date this Order is electronically filed, the parties shall appoint a mutually agreed upon discovery referee to preside over the subsequent sessions of James and Kimberley Dahlin's depositions at Plaintiffs' expense. If no referee can be agreed upon, an ex parte application must immediately be filed with this Court. If the Court determines the failure to reach an agreement is due to continued dilatory and unreasonable behavior on Plaintiffs' or their counsels' behalf, terminating sanctions will be issued. Otherwise, a referee will be appointed by the Court.

(Doc. No. 209 at 1.)

Plaintiffs did not promptly file a motion for reconsideration of the October 1, 2024 order. Rather, Plaintiffs and their counsel initially indicated their intent to comply with the provisions of that order. Specifically, in email correspondence with defense counsel dated October 4, 2024, Plaintiffs' counsel confirmed the availability of a retired judge to serve as the referee for the upcoming deposition of Plaintiffs. (Doc. No. 221-6 at 2.) A few days later, on October 9, 2024, Plaintiffs' counsel provided several available dates for Plaintiffs' depositions, including November 5, 2024 and November 15, 2024. (Doc. No. 221-7 at 2.) In response, on October 15, 2024, Defendants Frieborn and Ransom served a notice of deposition for Plaintiff James Dahlin

on November 5, 2024, and a notice of deposition for Plaintiff Kimberly Dahlin on November 15, 2024. (Doc. No. 221-8.) Rather than confirm that Plaintiffs will proceed with the depositions as scheduled, Plaintiffs' counsel contacted defense counsel on October 17, 2024 and October 23, 2024, to meet and confer regarding a motion for reconsideration Plaintiffs intended to file. (Doc. No. 221-9.) Defense counsel responded on October 23, 2024, emphasizing that Plaintiffs' proposed motion lacks merit because their proffered basis for reconsideration—that an additional deposition is not warranted—was already rejected by the previously assigned district judge. (*Id.* at 2–3.) Plaintiffs' counsel did not reply to defense counsels' emails. According to defense counsel, the lack of further response led them to believe that Plaintiffs' counsel had decided against filing a motion for reconsideration. (Doc. No. 225-1 at 12.)

Nine days later, on Saturday, November 2, 2024, Plaintiffs filed the pending motion for reconsideration of the October 1, 2024 order pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 214.) Specifically, Plaintiffs request that the court relieve them from the obligation to "submit to two additional days of deposition," and assert that if the court grants that relief, "then there will be no need for a discovery referee or for Plaintiffs to have to pay for the previous depositions because the depositions that have already been conducted will be deemed adequate." (Doc. No. 214 at 10.) Plaintiffs specify in their motion that they seek relief under Rule 60(b)(6) "in order to prevent manifest injustice and blatant unfairness against Plaintiffs and their counsel." (Doc. Nos. 214 at 8–9; 214-1 at 2.)[5]

An hour before Plaintiff James Dahlin's deposition was set to commence on November 5,

---

[5] In support of Plaintiffs' position that additional depositions are not warranted, Plaintiffs' counsel stated in his declaration concurrently filed with Plaintiffs' motion for reconsideration that "in a telephonic conversation with Serena Warner, counsel for the City of Auburn defendants, she stated she did not desire an additional deposition, and that she could not imagine the other defendants having many more questions after the plaintiffs had already been deposed for three full days." (Doc. No. 214 at 7.) However, on December 3, 2024, Attorney Warner filed a declaration to clarify that Plaintiffs' counsel's statement in this regard was "simply wrong," because she "never suggested that the remaining defendants somehow did not need to ask further questions." (Doc. No. 229-1 at 2.) Rather, Attorney Warner explains that she attempted to discourage Plaintiffs' counsel from filing a Rule 60 motion and instead encourage Plaintiffs to proceed with the depositions as scheduled, by emphasizing her belief that "the additional depositions would not take too long" and her impression that co-defense counsel did not intend to unnecessarily prolong the depositions. (*Id.*)

2024, Plaintiffs filed a second motion, which they styled as a "motion for a protective order," and which states that it is "made on the grounds already stated in Plaintiffs' pending Rule 60(b) motion." (Doc. No. 215.) Further, in Plaintiffs' counsel's declaration filed concurrently with the motion for a protective order, counsel explained as follows: "This motion for a protective order is only being made in case the Rule 60(b) motion that was filed on November *2, 2024, is not viewed as a request for a protective order to be excused from having to attend further depositions until the [Rule 60(b)] motions have been decided." (Doc. No. 215-2 at 4.) At the December 20, 2024 hearing, Plaintiff's counsel confirmed that Plaintiffs' motion for a protective order is essentially duplicative of their motion for reconsideration; Plaintiffs' counsel was simply unsure as to which type of motion was the appropriate motion to file, so both were filed out of an abundance of caution. Regardless of how Plaintiffs elected to package the relief they seek, their motions fail.

Federal Rule of Civil Procedure 60(b) permits the court to relieve a party from "a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

"Rule 60(b) applies only to motions attacking final, appealable orders." *Cooper v. San Bernardino Sheriff*, No. 16-cv-949-PSG-PLA, 2017 WL 10545094, at *1 (C.D. Cal. July 14, 2017). Pretrial discovery orders are not appealable and thus not "final" within the meaning of Rule 60(b). *See Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065, 1067 (9th Cir. 2008) ("[T]he general rule is that discovery orders are interlocutory in nature and nonappealable under [28 U.S.C. §] 1291."); *see also Kashani v. Adams*, No. 08-cv-0268-JM-AJB, 2009 WL 1068862, at

1  *1 (S.D. Cal. Apr. 21, 2009) (denying motion for reconsideration of discovery order because the

2  "motion is not properly brought under Rule 60(b)"); *Hardy v. Moreno*, No. 1:21-cv-00327-ADA-

3  EPG, 2023 WL 7287001, at *1 (E.D. Cal. Nov. 2, 2023) ("To the extent that Plaintiff brings his

4  motion under Rule 60(b), the Court must deny it. The substance of the Magistrate Judge's order

5  related to discovery procedures and was not final within the meaning of Rule 60(b)."); *Cooper*,

6  2017 WL 10545094, at *1 ("Preliminarily, defendants' Motion for Reconsideration pursuant to

7  Rule 60(b) must be denied as Rule 60(b) applies only to motions attacking final, appealable

8  orders. Defendants are seeking reconsideration of a discovery order, which is not a 'final'

9  order."). For this reason, Plaintiffs' motion for reconsideration is not procedurally proper. The

10 October 1, 2024 order resolved discovery motions and ordered further discovery; consequently,

11 that order is not a final, appealable order.

12      In addition, Plaintiffs' motions do not present any "extraordinary circumstances" that

13 would justify relief under Rule 60(b). Indeed, Plaintiffs have offered no new information or

14 argument that was not available to their counsel and presented to Judge England prior to the

15 court's issuance of the October 1, 2024 order. Thus, Plaintiffs are essentially seeking a second

16 bite at the apple, which is not permitted under Rule 60(b). *See Anderson v. Arnold*, No. 2:14-cv-

17 2660-MCE-AC, 2017 WL 977590, at *2 (E.D. Cal. Mar. 14, 2017) ("The 'extraordinary

18 circumstances' standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere "second

19 bite at the apple.").

20      Even more concerning to the court is Plaintiffs' counsel's admission during the December

21 20, 2024 hearing that Plaintiffs' pending motions were motivated in part by the fact that a new

22 district judge had been assigned to this case. Given the strong and clear admonitions in the

23 October 1, 2024 order,[6] Plaintiffs would likely not have filed their motions for reconsideration

24 and a protective order if the case had not been reassigned. Nevertheless, the reassignment of this

---

26 [6] Judge England emphasized in the October 1, 2024 order the following: "Given the egregious
   failures of Plaintiffs and their counsel in this case, the Court did consider terminating sanctions
27 under Federal Rule of Civil Procedure 41(b) for failure to comply with the applicable rules and
   orders of this Court and for failure to prosecute. However, it will afford Plaintiffs one more
28 chance to prosecute their action." (Doc. No. 209 at 12.)

1  case simply does not provide a basis for the court to reconsider the October 1, 2024 order. *See*

2  *Pauly ex rel. M.P. v. Stanford Hosp.*, No. 10-cv-5582-SI, 2012 WL 92571, at *1 (N.D. Cal. Jan.

3  11, 2012) ("The reassignment of a case to a new judge does not provide an independent basis for

4  a second Rule 60(b) review.").

5       For these reasons, Plaintiffs' motion for reconsideration (Doc. No. 114) and motion for a

6  protective order (Doc. No. 115) will be denied.

7  **B.    Award of Attorneys' Fees and Costs to Defendants Frieborn, Ransom, and Sheriff**

8       As discussed above, in the October 1, 2024 order, the court sanctioned Plaintiffs and their

9  counsel by requiring them to pay the attorneys' fees and costs that Defendants Frieborn, Ransom,

10  and Sheriff incurred. Thus, despite Plaintiffs' repeated attempts to challenge that decision in the

11  briefing on their own motions for reconsideration and their oppositions to the pending motions for

12  attorneys' fees and costs, the issue before the court is not whether to award attorneys' fees and

13  costs. Rather, the question to be resolved is the reasonable amount of attorneys' fees and costs to

14  be awarded.

15       "The most useful starting point for determining the amount of a reasonable [attorneys']

16  fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

17  hourly rate," which is referred to as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433

18  (1983). "The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting

19  jurisprudence, a standard that is the fundamental starting point in determining a reasonable

20  attorney's fee." *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th

21  Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

22       Courts "should exclude from this initial fee calculation hours that were not 'reasonably

23  expended'" because they were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461

24  U.S. at 434. "In addition to setting the number of hours, the court must also determine a

25  reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney

26  requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting

27  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a

28  reasonable hourly rate, the district court should be guided by the rate prevailing in the community

9

1  for similar work performed by attorneys of comparable skill, experience, and reputation.")).

2  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in

3  which the district court sits." *Camacho*, 523 F.3d at 979. "Courts in this district are generally

4  willing to approve rates from $200 up to as high as $650 or $750 an hour based on the seniority

5  of the attorneys in question." *Botonis v. Bimbo Bakeries USA, Inc.*, No. 2:22-cv-01453-DJC-SCR,

6  2024 WL 4326916, at *13 (E.D. Cal. Sept. 27, 2024).

7      The court will assess the reasonableness of the number of hours and the hourly rates

8  utilized by counsel in calculating the amounts of attorneys' fees requested by Defendants

9  Frieborn, Ransom, and Sheriff, respectively. The court notes that in their opposition briefs,

10  Plaintiffs did not address the reasonableness of the amount of fees requested by either Defendant

11  Frieborn or Ransom, apart from generally challenging the propriety of any award of attorneys'

12  fees and costs to those two defendants. (*See* Doc. No. 223.)

13      1.    Defendant Frieborn's Attorneys' Fees (Attorney Hess)

14      In her separate motion for attorneys' fees and costs, Defendant Frieborn requests an award

15  of $3,505.50 for the 16.3 hours spent by her counsel, Attorney Sharee Hess, "traveling to and

16  conducting the deposition of James Dahlin." (Doc. No. 211 at 2.) Attorney Hess was admitted to

17  the California State Bar in 2009 and charges an hourly rate of $215 as an associate in the

18  Sacramento office of the law firm Koeller, Nebeker, Carlson & Haluck, LLP ("KNCH"). (*Id.*;

19  Doc. No. 211-1.) At the hearing on the pending motions, Defendant Frieborn's counsel clarified

20  that Attorney Hess has over ten years of litigation experience. In light of this experience, the court

21  finds that an hourly rate of $215 for Attorney Hess is more than reasonable in this district and will

22  calculate the attorneys' fees award utilizing this rate.

23      According to the declaration of Peter Dye (a partner at KNCH), which was filed in

24  support of Defendant Frieborn's motion, Attorney Hess's 16.3 hours of billable time "includes the

25  time she spent traveling to/from and conducting Mr. Dahlin's deposition over two separate days,"

26  and "does not include time spent preparing for Mr. Dahlin's deposition, nor time spent preparing

27  this request for fees." (Doc. No. 211-1 at 2.) Given that the deposition spanned two full seven-

28  hour days, as reflected in the court's October 1, 2024 order (Doc. No. 209 at 6), the court finds

1    that 16.3 hours is a reasonable amount of time spent by Attorney Hess on conducting the

2    deposition and traveling to and from the deposition.

3        Thus, the court finds $3,504.50 (16.3 hours × $215/hour)[7] to be a reasonable amount of

4    attorneys' fees. Accordingly, Defendant Frieborn's motion for an award of attorneys' fees will be

5    granted in the amount of $3,504.50.[8]

6        2.    Defendant Frieborn and Ransom's Attorneys' Fees (O'Melveny Attorneys)

7        In the motion for attorneys' fees and costs filed by both Defendants Frieborn and Ransom,

8    an award of $9,030 is requested for the attorneys' fees of Attorneys Mary Rassenfoss and

9    Alexander McDonald, who are both associates at the law firm O'Melveny & Myers LLP and

10    were admitted to the State Bar of California in 2021. (Doc. No. 212.) For the purposes of the

11    pending motion, both Attorneys Rassenfoss and McDonald propose a rate of $215 per hour, even

12    though that hourly rate is a "significant downward adjustment" from their standard billing rates

13    and is lower than "what courts have considered reasonable for Sacramento-area attorneys of

14    comparable seniority." (*Id.* at 2–3) (citing cases). The court agrees that an hourly rate of $215 per

15    hour for junior associates with a few years of litigation experience is reasonable in this district

16    and will calculate the attorneys' fees award utilizing this rate.

17        According to the declaration of Chris Hollinger (a partner at O'Melveny), which was filed

18    in support of Defendants Frieborn and Ransom's motion for attorneys' fees, Attorneys Rassenfoss

19    and McDonald together spent a total of 42 hours to "travel[] to and from Mr. Dahlin's deposition,

20    attend[] the deposition itself, and assist[] Dr. Sheriff with bringing his motion." (Doc. No. 212 at

21    2.) That time did not include time spent preparing for the deposition of Mr. Dahlin. (*Id.*) Attorney

22    Hollinger also attached the billing records for Attorneys Rassenfoss and McDonald, which

23    provided narrative descriptions for each time entry. (Doc. No. 212-2.) The court has reviewed

24    these descriptions and finds that the time spent for each described task is reasonable when viewed

25    ───────────

26    [7] The amount requested in Defendant Frieborn's motion is stated as $3,505.50, perhaps due to a rounding error, because the calculation of 16.3 hours multiplied by $215 per hour results in a total of $3,504.50—a difference of a dollar.

27

28    [8] Defendant Frieborn did not request an award for reimbursement of any costs incurred by Attorney Hess.

in isolation, but the time for each entry is not necessarily compensable. For example, Attorneys Rassenfoss and McDonald both billed 0.7 hours for a conference call to discuss case strategy and scheduling Mrs. Dahlin's deposition (Doc. No. 212-2 at 2)—tasks that fall outside the scope of the October 1, 2024 order, and thus will not be included in the fee award. Further, neither the brief nor the supporting Hollinger declaration explain why it was reasonable for two attorneys of equal level (approximately second-year associates) to attend the deposition of Mr. Dahlin. At the hearing on the pending motions, Attorney Rassenfoss explained that she and Attorney McDonald both attended the deposition to assist Attorney Hess with the large number of documents at issue, and they each had different roles in working on this case. Nonetheless, despite the staffing decisions of their law firm, the court finds that awarding attorneys' fees for the time spent by both Attorney Rassenfoss (18.7 hours) and Attorney McDonald (18.4 hours) to attend and travel to/from the deposition of Mr. Dahlin is not reasonable under these circumstances. For this reason, the court will calculate the fee award utilizing Attorney Rassenfoss's 18.7 hours of deposition related time, as well as her 3.5 hours of time spent assisting Defendant Sheriff's counsel on his motion for sanctions. Consequently, rather than award the $9,030 in attorneys' fees requested by Defendants Frieborn and Ransom, the court will award $4,773 (22.2 hours × $215/hour) in attorneys' fees for the time spent by Attorney Rassenfoss.

In addition, Defendants Frieborn and Ransom also request an award of $626.77 in costs, specifically for "the hotel expenses Ms. Rassenfoss and Mr. McDonald incurred to attend Mr. Dahlin's deposition." (Doc. No. 212 at 3.) Here too, because the court found that the attendance of two junior associates at the deposition of Mr. Dahlin was not reasonable, the court will not award the hotel expenses incurred by Attorney McDonald. Rather, the court will award $310.19 in hotel expenses incurred by Attorney Rassenfoss.

In sum, Defendant Frieborn and Ransom's motion for an award of attorneys' fees and costs will be granted in the amount of $5,083.19.

3.    Defendant Sheriff's Attorneys' Fees (Attorneys Simas and Keever)

In his motion for attorneys' fees and costs, Defendant Sheriff requests an award of $9,179.09 for time spent by his counsel, Attorneys Steven L. Simas and Ryan M. Keever and

12

1   their paralegals, to prepare his motion to compel Plaintiff to provide further deposition testimony,

2   motion for a protective order, and motion for sanctions. (Doc. Nos. 213 at 4–5; 213-1 at 14.) In

3   support of Defendant Sheriff's motion for an award of attorneys' fees and costs, Attorney Simas

4   provided an affidavit that includes the billing records for himself, as well as Attorney Keever and

5   two paralegals Sandra Stratman and Kate Uckert. (Doc. No. 213-1.) Attorney Simas explains in

6   his affidavit that the billing rates of $200/hour for himself and Attorney Keever and $125/hour for

7   paralegal time are utilized for the purposes of Defendant Sheriff's motion, even though those

8   rates are substantially lower than their standard hourly rates. (*Id.* at 5, n.2.) The court finds that

9   these hourly rates are reasonable in this district and will calculate the attorneys' fees award

10  utilizing these rates. *See Stiles v. Walmart, Inc.*, 699 F. Supp. 3d 926, 941 (E.D. Cal. 2023) ("As

11  for the paralegals, the court finds that the hourly rates of $150 and $175 to be reasonable and

12  consistent with the hourly rates previously approved by this court.").

13      In their opposition to Defendant Sheriff's motion, Plaintiffs object to certain of the

14  itemized billing entries as reflecting time that is not compensable because the tasks fall outside

15  the scope of the October 1, 2024 order. (Doc. No. 224.)

16      Having reviewed the billing records provided by Attorney Simas in his affidavit, and

17  having considered Plaintiffs' objections, the court finds that some of the time entries should be

18  reduced or excluded entirely from the calculation of attorneys' fees because the narrative

19  descriptions reflect time that is not compensable under the October 1, 2024 order. For example,

20  some entries reflect time spent on tasks pertaining to Plaintiffs' motion for summary judgment,

21  such as entries for Attorney Simas stating "review and outline plan regarding motion for

22  summary judgment," and "review, revise, and further draft Scott Lechner Declaration for use in

23  motion for summary judgment." (Doc. No. 213-1 at 5–14.) After applying appropriate reductions

24  and exclusions for such entries—totaling $1,545 in reductions—the court finds $7,634.09 in

25  attorneys' fees to be reasonable and will award that reduced amount instead of the $9,179.09

26  requested by Defendant Sheriff.

27      Defendant Sheriff also requests an award of $596.51 in costs incurred by Attorney Simas

28  for the deposition of Mr. Dahlin, consisting of $470.32 in hotel expenses, $42.48 in meals, and

$83.71 in gas. (Doc. No. 213-1 at 4–5.) Plaintiffs object to these requested costs in part because, as Attorney Simas explains in his affidavit (Doc. No. 213-1 at 4, n.1), receipts for these costs are no longer available. (Doc. No. 224 at 6.) Plaintiffs' objections are well-taken, though under these circumstances, the court finds the sworn affidavit of Attorney Simas which detailed the costs per category and specified the hotel (Kimpton Sawyer Hotel), the restaurants (Starbucks, Arby's, and Del Taco), and the gas station (Shell Oil), to be reliable indicators that these costs were actually incurred. Moreover, the court is not persuaded by Plaintiffs' unsupported argument that hotel and meal expenses are not recoverable as costs. *See Hill v. R+L Carriers Shared Servs., LLC*, No. 09-cv-01907-CW-MEJ, 2011 WL 2470187, at *3 (N.D. Cal. June 21, 2011) (awarding costs incurred to attend deposition, including costs for hotel accommodations and meals); *see also Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM, 2019 WL 6896696, at *3 (E.D. Cal. Dec. 18, 2019) ("Defendants' counsel declares that she incurred $462.88 in expenses for hotel, meals, mileage and bridge toll for travel between Fresno and San Francisco. The Court finds that these costs are properly recoverable.").

Accordingly, the court will grant Defendant Sheriff's request for an award of costs in the amount of $596.51.

In sum, Defendant Sheriff's motion for an award of attorneys' fees and costs will be granted in the amount of $8,230.60.

**C.    Terminating Sanctions**

In the motion for terminating sanctions by Defendants Frieborn and Ransom, which has been joined by all other Defendants in this action (Doc. Nos. 229, 230), Defendants contend that "Plaintiffs' conduct warrants dismissal under both Federal Rule of Civil Procedure 37(b)(2), for failure to obey a discovery order, and [Rule] 41(b), for failure to prosecute or comply with the federal rules or a court order." (Doc. No. 225-1 at 4.)

The court recognizes that terminating sanctions are warranted under the circumstances. However, the court also appreciates the severity of terminating sanctions and thus finds it appropriate to provide Plaintiffs with a final opportunity to avoid terminating sanctions by complying with the directives set forth below. In short, Plaintiffs will again be compelled to

14

1  provide further responses to Defendant Frieborn's requests for production, including providing

2  specific information as to each request, and producing responsive documents; Plaintiffs will again

3  be ordered to sit for seven additional hours of depositions each; and Plaintiffs will again be

4  required to bear the expense of a mutually agreed upon discovery referee to preside over those

5  depositions. Plaintiffs are warned that their failure to comply with this order will likely result in

6  the court issuing terminating sanctions upon Defendants' request.

7        Accordingly, the court will deny Defendants' pending motion for terminating sanctions

8  (Doc. No. 225), without prejudice to Defendants' filing a renewed motion if Plaintiffs fail to

9  comply with this order.

10  **CONCLUSION**

11        For the reasons explained above,

12      1.    Plaintiffs' motion for reconsideration of the court's October 1, 2024 order (Doc.

13          No. 214) is denied;

14      2.    Plaintiffs' motion for a protective order (Doc. No. 215) is denied;

15      3.    Defendant Frieborn's motion for an award of attorneys' fees (Doc. No. 211) is

16          granted;

17          a.    Defendant Frieborn is awarded $3,504.50 in attorneys' fees;

18      4.    Defendant Frieborn and Ransom's motion for an award of attorneys' fees and

19          costs (Doc. Nos. 212, 217) is granted, in part:

20          a.    Defendant Frieborn and Ransom are awarded $5,083.19 in attorneys'

21              and costs;

22      5.    Defendant Sheriff's motion for an award of attorneys' fees and costs (Doc. No.

23          213) is granted, in part:

24          a.    Defendant Sheriff is awarded $8,230.60 in attorneys' fees and costs;

25      6.    Plaintiffs and their counsel shall pay the amounts awarded above to Defendants

26          Frieborn, Ransom, and Sheriff through their respective counsel, within forty-five

27          days from the date of entry of this order;

28      7.    Defendants' motion for terminating sanctions (Doc. No. 225) is denied;

8.    Within seven (7) days from the date of entry of this order, Plaintiffs shall serve further responses to Defendant Frieborn's First Set of Requests for Production of Documents ("RFPs") and produce all responsive documents in their possession, custody, or control;

    a.    Plaintiffs' further responses shall include the following information separately as to **each RFP**: (i) confirm that Plaintiffs have conducted a diligent search of their records and files, (ii) identify all responsive documents discovered through their search, (iii) explain, if applicable, where and why responsive documents have not been or will not be produced, and (iv) include a privilege log for any responsive documents Plaintiffs refuse to produce on the basis of privilege; and

    b.    Plaintiffs are warned that they must produce responsive documents by the deadline above to be in compliance with this order; Plaintiffs may not unilaterally extend that deadline;

9.    Within five (5) days from the date of entry of this order, Plaintiffs' counsel shall provide defense counsel with all dates that are within thirty (30) days from the date of entry of this order, in which Plaintiffs' counsel and both Plaintiffs James Dahlin and Kimberly Dahlin are available to sit for further depositions;

    a.    Plaintiffs are compelled to provide an additional 7 hours (with the possibility of further time) for each deposition;

    b.    Plaintiffs are directed to provide non-evasive, straightforward responses at both depositions;

    c.    Plaintiffs' counsel is barred from answering questions for Plaintiffs, asserting speaking or unfounded objections, coaching Plaintiffs, making ad hominem attacks, or creating a false record at either deposition; and

    d.    Plaintiffs' counsel is precluded from questioning Plaintiffs until counsel for Defendants completes Defendants' phase of the deposition;

/////

10.    Within seven (7) days from the date of entry of this order, the parties shall either confirm that the previously agreed-upon discovery referee is available to preside over the additional depositions of Plaintiffs, or appoint a different mutually agreed upon discovery referee;

    a.    Plaintiffs are responsible for payment of the discovery referee's expenses; and

    b.    If no referee can be agreed upon, the parties shall file an application for the court to appoint a discovery referee, and if the court determines the failure to reach an agreement is due to continued dilatory or unreasonable behavior on Plaintiffs' or their counsels' behalf, the court will construe such failure as Plaintiffs non-compliance with this order, which will likely lead to terminating sanctions; and

11.    In light of this order, the court modifies the scheduling order as follows:

    a.    Fact discovery shall be completed by March 21, 2025;

    b.    Expert witness disclosures shall be completed by April 21, 2025;

    c.    Rebuttal expert witness disclosures shall be completed by May 21, 2025;

    d.    Expert discovery shall be completed by June 20, 2025;

    e.    All motions, except for motions for continuances, temporary restraining orders or other emergency applications shall be filed no later than August 19, 2025, and be noticed for hearing on a date that is listed on Judge Coggins's webpage and is no more than 60 days after the filing of the motion; and

/////

/////

/////

/////

/////

/////

f.      The parties need not file a joint notice of trial readiness; rather, upon resolution of any motions filed by the August 19, 2025 deadline, or upon passing of that deadline if no such motions are filed, the court will set a final pretrial conference.

        IT IS SO ORDERED.

Dated:    **January 23, 2025**

Dena Coggins
United States District Judge

18